# EXHIBIT A



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*Immigrant Investor Program*
131 M Street, NE, MS 2235
Washington, DC 20529

**U.S. Citizenship
and Immigration
Services**

**TO:**

Jin QIAN
Rm 602, Unit 2, Bldg, 1 Meiheyuan Residential Area
No 689, S. Zhongshan Road
Nanjing, China 210014

**DATE:** July 8, 2020

**Application: Form I-526**
**A-Number:**
**File: WAC1590553636**

## DECISION

Your Form I-526, Immigrant Petition by Alien Entrepreneur, filed by Jin QIAN, has been denied for the following reason(s):

### See Attachment

If you desire to appeal this decision, or file a motion to reopen and/or reconsider, you may do so. Your notice of appeal or motion must be filed on Form I-290B, Notice of Appeal or Motion, within 33 calendar days of the date of this notice, with the appropriate required filing fee, payable to U.S. Department of Homeland Security, with a check or money order from a bank or other institution located in the United States. If no appeal or motion is filed within the time allowed, this decision will be the final decision in this matter. **The appeal or motion may not be filed directly with the AAO.** Initial filing of the Form I-290B should be sent to:

USCIS                          OR        USCIS Attn: I-290B
P.O. Box 660168                          2501 S. State Highway 121
Dallas, TX 75266                         Business Suite 400
(For Postal Service Delivery)            Lewisville, TX 75067
                                         (For Express Mail/ Courier)

In support of your appeal, you may submit a brief and/or additional evidence, either with the initial filing or within 30 calendar days of the initial filing. If necessary, you may request additional time to submit a brief. Such request must also be made within 30 calendar days of filing. Note, however, that an extension of time to file the appeal may not be granted. Any brief, written statement, or other evidence not filed with Form I-290B, or any request for additional time for the submission of a brief or other material must be sent directly to the AAO at the following address:

USCIS Administrative Appeals Office
U.S. Citizenship and Immigration Services
20 Massachusetts Ave., N.W., MS 2090
Washington, DC  20529-2090

However, if you are filing a motion, any supplementary arguments or evidence **must be filed with the motion to reopen and/or reconsider.** No additional time will be permitted.

Form I-292 (revised 5/4/2015)

www.uscis.gov

WAC1590553636
Page 2


The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.ombudsman.sba.gov or phone 202-205-2417 or fax 202-481-5719.

Sincerely,

Sarah M. Kendall
Chief, Immigrant Investor Program

WAC1590553636
Page 3

cc:    Lillian K. Kalmykov, Esq.
       Greenberg Traurig LLP
       500 Campus Drive, PO Box 677
       Florham Park, NJ 07932

WAC1590553636
Page 4

## NOTICE OF DECISION

### Form I-526, Immigrant Petition by Alien Entrepreneur
### *New York Rivers Casino & Resort Funding, LLC*

#### Procedural History

Ms. Jin QIAN (Petitioner) filed a Form I-526, Immigrant Petition by Alien Entrepreneur, seeking immigrant visa classification pursuant to section 203(b)(5) of the Immigration and Nationality Act (INA) on August 27, 2015.

Petitioner asserts eligibility based on an investment in Prime Regional Center, LLC (Regional Center) pursuant to the Immigrant Investor Program[1] created by section 610 of the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1993, Pub. L. No. 102-395, 106 Stat. 1828 (1992), as amended by section 116 of Pub. L. No. 105-119, 111 Stat. 2440 (1997); section 402 of Pub. L. No. 106-396, 114 Stat. 1637 (2000); section 11037 of Pub. L. No. 107-273, 116 Stat. 1758 (2002); section 4 of Pub. L. No. 108-156, 117 Stat. 1944 (2003); and section 1 of Pub. L. No. 112-176, 126 Stat. 1325 (2012). The Form I-526 and the evidence presented assert that Petitioner invested $500,000 into New York Rivers Casino & Resort Funding, LLC– the new commercial enterprise (NCE), on July 12, 2015. The NCE proposed to pool $75.0 million from 150 immigrant investors. According to the Form I-526 and supporting evidence, the NCE will lend the entire amount to Capital Regional Holdings, LLC, the job-creating entity (JCE). The JCE intends to construct and operate a casino located in Schenectady, NY. The NCE and JCE are principally doing business within a targeted employment area (TEA).

Based upon a review of the initial record of evidence, USCIS could not conclude that Petitioner had established eligibility for the benefit sought. On April 7, 2017, USCIS issued a Notice of Intent to Deny (NOID) which identified deficiencies in the record with regard to the following eligibility requirement: Failure to Sign Form I-526. On May 11, 2017, Petitioner responded to the NOID with the submission of additional evidence.

USCIS could not conclude that Petitioner had established eligibility for the benefit sought. The petition is denied.

#### Analysis

#### A. Failure to Sign Form I-526

USCIS requires that the petitioner of a Form I-526 sign his or her benefit request. Before an I-526 petition is considered properly filed, it must be signed by the petitioner. 8 C.F.R. § 204.6(a). No other person except the petitioner is permitted to sign the Form I-526, except when that individual is under 14 years of age or is mentally incompetent:

---

[1] Section 610 of the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1993, Pub. L. No. 102-395, 106 Stat. 1828 (1992), as amended by section 116 of Pub. L. No. 105-119, 111 Stat. 2440 (1997); section 402 of Pub. L. No. 106-396, 114 Stat. 1637 (2000); section 11037 of Pub. L. No. 107-273, 116 Stat. 1758 (2002); section 4 of Pub. L. No. 108-156, 117 Stat. 1944 (2003); section 1 of Pub. L. No. 112-176, 126 Stat. 1325 (2012); and section 575 of Pub.L. No. 114-113 (2015) (hereinafter the "Appropriations Act"); *see also* section 131 of Pub. L. No. 114-53, 129 Stat. 502 (2015)

WAC1590553636
Page 5

> *Signature.* An applicant or petitioner must sign his or her benefit request. However, a parent or legal guardian may sign for a person who is less than 14 years old. A legal guardian may sign for a mentally incompetent person. By signing the benefit request, the applicant or petitioner, or parent or guardian certifies under penalty of perjury that the benefit request and all evidence submitted with it, either at the time of filing or thereafter, is true and correct. Unless otherwise specified in this chapter, an acceptable signature on an benefit request that is being filed with the USCIS is one that is either handwritten or, for benefit requests filed electronically as permitted by the instructions to the form, in electronic format.

Upon review of the signature on page 3, part 7 of the Form I-526 filed with USCIS on August 27, 2015, USCIS has determined that the signature is not Petitioner's signature.

The NOID stated: [w]hen compared to other signatures within the record, the signature on Form I-526 does not illustrate Petitioner's signature." In response to the NOID, Petitioner's counsel conceded that this Form I-526 petition was not filed with Petitioner's signature, but rather with the signature of a different individual. Petitioner's attorney stated that a "clerical error by the paralegal preparing the case [caused another petitioner's signature] to be switched and attached to the wrong[/this] petition" (Attorney's May 8, 2017 Letter, page 1).

Counsel's admission that this filing was submitted to USCIS containing the signature of <u>another</u> Form I-526 petitioner is helpful in understanding why this petition was missing Petitioner's signature and thus was improperly filed. In response to the NOID, Petitioner submitted a <u>new</u> page 3 of the Form I-526 petition containing Petitioner's signature <u>dated April 24, 2017</u> (NOID Response Ex 2). The April 24, 2017 signed page 3 of the petition does not constitute sufficient evidence that this petition was properly signed by petitioner at the time of filing with USCIS on <u>August 27, 2015</u>.

The evidence in the record does not establish that Petitioner is under 14 years of age or is mentally incompetent, and therefore the signature on Form I-526 must be Petitioner's signature.

In addition, the USCIS Policy Manual states "If USCIS accepts a request for adjudication and later determines that it has a deficient signature, <u>USCIS denies the request</u>. If USCIS needs additional information to confirm that a person[] is authorized to sign on behalf of another person, corporation, or other legal entity, USCIS may issue either a Request for Evidence (RFE) or a Notice of Intent to Deny (NOID) to confirm that such signature authority existed at the time the document was submitted[2]" (emphasis added).

In this case, USCIS issued a NOID "to confirm that such signature authority existed at the time the document was submitted." As another individual signed this petition, USCIS has determined that the signature was deficient at the time of filing and it did not belong to Petitioner. "An EB-5 immigrant petition to classify an alien under section 203(b)(5) of the Act must be properly filed in accordance with the form instructions" 8 C.F.R. § 204.6(a). Because Petitioner did not sign the filed Form I-526 as required by 8 C.F.R. §§ 204.6(a) and 103.2(a)(2), the petition is not considered properly filed and is denied.

---

[2] USCIS Policy Manual, Volume 1, Part B, Chapter 2, https://www.uscis.gov/policy-manual/volume-1-part-b-chapter-2.

WAC1590553636
Page 6

### B. Material Change

"A petitioner must establish eligibility at the time of filing; a petition cannot be approved at a future date after the petitioner becomes eligible under a new set of facts. *See Matter of Katigbak*, 14 I&N Dec. 45, 49 (Comm. 1971). Therefore, a petitioner may not make material changes to a petition that has already been filed in an effort to make an apparently deficient petition conform to [USCIS] requirements." *Matter of Izummi*, 22 I&N Dec. 169, 175 (Assoc. Comm'r 1998); *see also* 8 C.F.R. § 103.2(b)(1).

As noted by Attorney's May 8, 2017 Letter, due to a clerical error, at the time of filing, this petition did not contain Petitioner's signature. Petitioner may not make material changes to a petition that has already been filed in an effort to make an apparently deficient petition conform to [USCIS] requirements. In this case, at the time of filing (August 27, 2015), the petition did not contain Petitioner's signature. Approximately 1.5 years later, Petitioner submitted a page 3 of the petition that was signed and dated April 24, 2017, in an attempt to materially change a petition that was not signed by Petitioner to a petition that was signed by Petitioner. The Form I-526 instructions state, "[e]ach petition must be properly signed" (Form I-526 Instructions, page 1[3]). Also, "EB-5 immigrant petition to classify an alien under section 203(b)(5) of the Act must be properly filed in accordance with the form instructions ..." 8 C.F.R. § 204.6(a).

### C. Priority Date

8 C.F.R. § 204.6(a) states that before a petition is considered properly filed, the petition must be signed by the Petitioner. Additionally, 8 C.F.R. § 204.6(d) states that the priority date of a petition for classification as an alien entrepreneur is the date the petition is properly filed.

This petition is not properly filed as defined in 8 C.F.R. § 204.6(d). Therefore, the filing date of this petition will not be designated as Petitioner's priority date. Only subsequent filings deemed properly filed by USCIS will be assigned a priority date.

### D. Invested Capital Was Obtained Through Lawful Means

Any assets acquired directly or indirectly by unlawful means, such as criminal activity, will not be considered capital. 8 C.F.R. § 204.6(e). Petitioner must demonstrate by a preponderance of the evidence that the capital was his or her own and was obtained through lawful means. 8 C.F.R. § 204.6(j)(3); *see also Matter of Ho*, 22 I&N Dec. at 210. To show that the capital was his or her own, Petitioner must document the path of the funds. *Matter of Izummi*, 22 I&N Dec. at 195.

The evidence in the record does not establish that the capital which has been invested by Petitioner or which Petitioner is actively in the process of investing is capital that has been obtained through lawful means. The record

---

[3] https://www.uscis.gov/i-526.

WAC1590553636
Page 7

contains the following evidence:

- Petitioner's Passport; Petitioner's statement; Petitioner's resume (Ex 25) stating:

  - o Housewife (9/2005 - present);
  - o Nanjjing Essence Fine Chemical Co Ltd (9/2002 – 9/2005);

- Passport of Ronghu FAN, Petitioner's husband ("Husband") (Ex 26);

- Husband's resume (Ex 26) identifying employment:

  - o Huawei Technologies Duesseldorf GmbH (8/2012 - present);
  - o Huawei Technologies Co Ltd (9/2010 - 8/2012);
  - o ZTE Corporation and ZTE soft Technology Co Ltd (07/1996 - 08/2010);

- Husband's graduation certificate from Zhejiang University with a degree in Electronic Engineering Technology from the College of Information Science & Electronic Engineering (Ex 26);

- July 16, 2015 Recommendation Letter from Guang LI stating "I worked with [Husband and] I acquaint relatively well with his work and his income situation" and listing Husband's asserted after tax earnings at ZTE and ZTE soft Technology Co Ltd from July 1996 to August 2010 (Ex 26);

- Undated Business Card listing Guang LI as President of ZTE Wireline Product R&D Institute (Ex 26);

- "Certificate", not signed by an individual, not listing the name or contact information of the issuer, stating that Husband worked at ZTE from July 1996 to May 2007 and ZTE Soft Technology Co Ltd (a subsidiary of ZTE) from June 2007 to August 2010 (Ex 26);

- June 1, 2007 labor contract between ZTEsoft Technology Co Ltd and Petitioner, failing to state a salary (Ex 26);

- May 29, 2015 letter from Huawei Technologies Duesseldorf GmbH stating Husband "is employed as Manager of Enterprise Router and Switch Division" (Ex 26);

- Husband's employment contracts with Huawei (Ex 26);

- Husband's May 30, 2004 purchase contract for Qinhua District, Nanjing, China property (Property 1) for RMB 770,000 (Ex 29);

- Sales invoice and deed tax certificate for Property 1 (Ex 30);

- Personal housing loan (Ex 32);

- Loan settlement certificate from March 7, 2006 (Ex 33);

- Husband's March 4, 2006 purchase contract for Gulou District, Nanjing, China property (Property 2) for RMB 430,000 (Ex 34);

- Sales invoice and deed tax certificate for Property 2 (Ex 35);

WAC1590553636
Page 8

- Personal housing loan (Ex 37);

- Loan settlement certificate from March 27, 2008 (Ex 38);

- Real estate appraisal reports for Properties 1 & 2 (Ex 39, 40);

- June 29, 2015, mortgage contract for Properties 1 & 2 for RMB 3.5 million (Ex 42) stating:

  o Article 5: Loan Use. The <u>loan is used by the debtor to pay personal and / or household consumption expenditure and shall not be used for other purposes for any reason</u>";

  o Article 2: The term of the debtor to pay the debt … ends June 29, 2020; and

- Transfer of RMB 3.5 million from Industrial Bank Co Ltd (IBC-China) to Petitioner's IBC-China #1316 (Ex 43).

Petitioner asserts she obtained her EB-5 investment funds of USD 500,000 through a June 2015 RMB 3.5 million mortgage loan using Properties 1 and 2 as collateral. However, Petitioner has not shown by a preponderance of evidence the RMB 3.5 million derives – directly and indirectly – from lawful means because Petitioner has not sufficiently shown that Properties 1 and 2 were purchased with lawful funds.

Petitioner has not presented sufficient documentation to demonstrate by a preponderance of the evidence the lawful source(s) of funds used to invest in the NCE.

Petitioner did not document by a preponderance of evidence the lawful sources of funds used to purchase Properties 1 and 2. Husband purchased Property 1 for RMB 770,000 (Ex 29) and Property 2 for RMB 430,000 (Ex 34). Both properties were paid off by March 2008 (Ex 33, 38). Petitioner's statement asserts funds to purchase Properties 1 and 2 derive from Husband's employment (Ex 24). Husband's resume indicates he completed his electronic engineering degree from Zhjiang University in July 1996 and worked for ZTE Corporation or ZTEsoft Technology Co Ltd (together "ZTE") from July 1996 to August 2010. Further, Petitioner did not sufficiently document the lawful sources of funds used to purchase Properties 1 and 2 as Petitioner did not submit foreign business registration records for ZTE Corporation or ZTEsoft Technology Co Ltd. "To show that the petitioner has invested, or is actively in the process of investing, capital obtained through lawful means, the petition must be accompanied, as applicable, by: (i) Foreign business registration records" 8 CFR § 204.6(j)(3)(i).

Moreover, Petitioner has not submitted sufficient documentation to show Husband's earnings from ZTE were enough to purchase and pay off Properties 1 and 2 by March 2008 for RMB 1.2 million (RMB 770,000 + 430,000 = RMB 1.2 million). Petitioner did not submit an income certificate from ZTE as evidence of Husband's actual earnings from ZTE. Petitioner did not submit payroll documentation from ZTE, tax documentation, social insurance, or other sufficient evidence to corroborate assertions regarding Husband's pre-March 2008 earnings.

Petitioner submitted a certificate, issued by an unknown individual, not listing the name or contact information of the issuer, stating that Husband worked at ZTE Corporation from July 1996 to May 2007 and ZTE Soft Technology Co Ltd from June 2007 to August 2010 (Ex 26). At most, the certificate constitutes some evidence that Husband worked for ZTE, however it does not provide evidence of Husband's earnings at ZTE. Moreover, though the certificate (Ex 26) states Petitioner worked for ZTE Soft Technology Co Ltd from June 2007 to August 2010, this certificate was not issued on ZTE Soft Technology Co Ltd letterhead with ZTE Soft Technology Co Ltd seal.

WAC1590553636
Page 9

As evidence of Husband's asserted earnings, Petitioner submitted a "Recommendation Letter" dated July 16, 2015 from Guang LI, stating "I worked with [Husband] between July 1996 and August 2010, I acquaint relatively well with his work and his income situation" (Ex 26) and listing sufficient post-tax earnings with specificity (RMB 1.143 million from July 1996 to April 2003; RMB 1.333 million from April 2003 to May 2007) to enable Husband to purchase Property 1 and 2. The earnings assertions in the Recommendation Letter are not corroborated by ZTE company documents or Husband's banking records demonstrating deposits from the employer, tax documents, or social insurance documents. The record does not specify whether Guang LI (whose business card indicates he is President of ZTE Wireline Product R&D Institute) obtained Husband's earnings information from Husband or from ZTE, or whether he had authority/access to ZTE payroll/HR documents while working at ZTE Wireline Product R&D Institute (an apparent subsidiary of ZTE). Further, the record does not include evidence such as identification documentation for Guang LI to corroborate the recommendation letter and establish identity or additional evidence of employment and title at ZTE Wireline Product R&D Institute or ZTE and/or ZTE subsidiaries.

Moreover, Petitioner has not shown by a preponderance of evidence that the funds invested in the NCE were lawfully obtained as Petitioner and Husband obtained the mortgage loan to invest in the United States, which appears outside the scope of the mortgage loan Petitioner and Husband signed. The RMB 3.5 million mortgage loan states "Article 5: Loan Use. The loan is used by the debtor to pay personal and / or household consumption expenditure and shall not be used for other purposes for any reason" (Ex 42, p. 3). Petitioner used the mortgage loan for immigrant investment purposes, which appears to be expressly prohibited by the mortgage loan terms Petitioner signed. Thus, Petitioner has not shown by a preponderance of the evidence that the loan was lawfully obtained under the laws of mainland China. In general, the requirements and workings of foreign law are a question of fact, which must be proved by the petitioner. *See Matter of Hsiung*, 22 I&N Dec. 201, 203-04 (Assoc. Comm'r 1998) ("The petitioner here has not presented any evidence as to Taiwanese law regarding the seizure of assets.").

Lastly, the record does not include banking, transfer, or other sufficient evidence to corroborate Petitioner's and Husband's assertions that Husband's earnings from ZTE were the sources of the funds used to purchase Properties 1 and 2. Going on record without supporting documentary evidence is not sufficient for purposes of meeting the burden of proof in these proceedings. *Matter of Soffici*, 22 I&N Dec. at 165 (citing *Matter of Treasure Craft of California*, 14 I&N Dec. at 190).

USCIS must be able to determine that it is more likely than not that the capital which has been invested by Petitioner or which Petitioner is actively in the process of investing is capital obtained through lawful means. The evidence in the record does not establish that the capital which has been invested by Petitioner or which Petitioner is actively in the process of investing is capital that has been obtained through lawful means.

### Conclusion

In summary, USCIS concludes that Petitioner has failed to establish by a preponderance of the evidence that the Form I-526 complies with applicable legal requirements. Consequently, USCIS has determined, based on the initial evidence that Petitioner was not properly filed and therefore the Petitioner is ineligible for classification under INA § 203(b)(5)(A).

As Petitioner has not satisfied Petitioner's burden of establishing eligibility, the Form I-526 is denied.

WAC1590553636
Page 10

If Petitioner disagrees with this decision, or if Petitioner has additional evidence that shows this decision is incorrect, Petitioner may file a motion or an appeal to this decision by filing a completed Form I-290B, Notice of Appeal or Motion, along with the appropriate filing fee. A copy is enclosed. Petitioner may also include a brief or other written statement and additional evidence in support of the motion or appeal.  The Form I-290B must be filed within 33 days from the date of this notice. If a motion or appeal is not filed within 33 days, this decision is final.